UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT VALDEZ; and NATASHA WININGER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PROVO; OFFICER JORDAN SMITH; and OFFICER JASON MAHONEY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STAY (DOC. NO. 25)**<br><br>Case No. 2:25-cv-00580<br><br>Magistrate Judge Daphne A. Oberg |

Robert Valdez and Natasha Wininger, proceeding without an attorney, brought this civil rights action against the City of Provo and two officers with the Provo Police Department, Jordan Smith and Jason Mahoney.[1] Plaintiffs assert claims relating to ongoing criminal proceedings against Ms. Wininger in Utah state court. Defendants move to dismiss Plaintiffs' claims for equitable relief and stay the remaining claims under the *Younger*[2] abstention doctrine.[3] Plaintiffs oppose the motion.[4]

[1] (First Am. Compl. (Am. Compl.), Doc. No. 24.) Plaintiffs originally named the Provo Police Department, Jordan Smith, and "J. Mahoney" as defendants. (Compl., Doc. No. 1.) They have since amended their complaint, naming the City of Provo, Officer Jordan Smith, and "Officer Mahoney" as the defendants. Defendants' briefing provides Officer Mahoney's full name as Jason Mahoney.

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

[3] (Defs.' *Younger* Mot. to Dismiss & Stay (Mot.), Doc. No. 25.)

[4] (Resp. to Mot. to Dismiss & Stay / Order to Show Cause (Opp'n), Doc. No. 32.)

The court[5] grants Defendants' motion in part and denies it in part. As explained below, Plaintiffs do not seek equitable relief which would interfere with state court proceedings. Accordingly, the motion is denied as to the Defendants' request to dismiss equitable claims. However, the request for a stay is granted. *Younger* abstention applies to Plaintiffs' federal claims for false arrest, unreasonable search and seizure, wrongful detention, conspiracy, and municipal liability—for which they seek damages and "training and discipline reforms."[6] Under the *Younger* doctrine, because a judgment for Plaintiffs would have preclusive effects on the ongoing state court proceeding, these claims must be stayed pending resolution of the state case. Further, judicial economy and other relevant considerations favor staying the remaining claims also. Accordingly, this case is stayed pending resolution of Ms. Wininger's state court appeal.

**BACKGROUND**

According to the First Amended Complaint, this case arises from a traffic stop on July 24, 2024, in Provo, Utah.[7] Officer Smith "lawfully" pulled Mr. Valdez and Ms. Wininger over.[8] During the stop, Officer Smith "deployed a K-9 and fabricated probable

---

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 22.)

[6] (Am. Compl., Doc. No. 24 at 3.) Plaintiffs' filings do not include internal page numbering. Citations to page numbers in Plaintiffs' filings refer to the CM/ECF pagination.

[7] (*Id.* ¶ 2.)

[8] (*Id.* ¶ 13.)

cause by using a concealed 'sniffer ball' and by raising the leash to cue a false alert."[9] Based on this alert, Officers Smith and Mahoney searched the vehicle yet found no contraband.[10] "Several officers" disabled their body cameras during the stop.[11] And officers shined lights into Ms. Wininger's eyes during "field tests," impairing her performance, while later "falsely reporting no lights were used."[12] Officer Smith seized Ms. Wininger's phone, then Officer Mahoney appeared to access Plaintiffs' phones without a warrant.[13] Officers also threatened to tase Ms. Wininger.[14] And Officer Smith told Officer Mahoney "that he was going to give [Ms.] Wininger a DUI 'no matter what.'"[15] Ms. Wininger was then "falsely arrested based on fabricated evidence and false police reports."[16]

According to state court records,[17] on July 29, 2024, Ms. Wininger was charged with driving under the influence (DUI), possessing a controlled substance, and operating

[9] (*Id.* ¶ 15.)

[10] (*Id.* ¶ 16.)

[11] (*Id.* ¶ 17.) At times, Plaintiffs refer to "officers" generally, making it unclear whether they are referring to Officer Smith, Officer Mahoney, or others.

[12] (*Id.* ¶ 18.)

[13] (*Id.* ¶¶ 19–20.)

[14] (*Id.* ¶ 21.)

[15] (*Id.* ¶ 22.)

[16] (*Id.* ¶ 23.)

[17] The court takes judicial notice of these records. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (unpublished) (noting facts subject to judicial

an unsafe or improperly equipped vehicle.[18] A year later, while the criminal case was ongoing, Plaintiffs filed this federal civil rights action.[19] Plaintiffs bring six claims under 42 U.S.C. § 1983, listed in the amended complaint as follows:

- Count I: unreasonable search and seizure (Fourth Amendment);
- Count II: false arrest and wrongful detention (Fourth and Fourteenth Amendments);
- Count III: excessive force and unlawful seizure (Fourth Amendment);
- Count IV: illegal search of digital devices (Fourth Amendment);
- Count V: conspiracy to deprive civil rights; and
- Count VI: failure to train, supervise, and discipline (*Monell*[20] liability).[21]

Plaintiffs also bring state law claims for "assault, battery, and invasion of privacy" (identified as "Count VII").[22] Plaintiffs request a "judgment in their favor," 'injunctive

---

notice include "another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand" (internal quotation marks omitted)).

[18] *See* Docket, *State of Utah v. Natasha Irene Wininger*, No. 245400360 (Utah 4th Dist. Ct. filed July 29, 2024) ("*Utah v. Wininger*").

[19] (Compl., Doc. No. 1.)

[20] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977).

[21] (Am. Compl., Doc. No. 24 at 3.)

[22] (*Id.*)

relief requiring training and discipline reforms," damages of $850,000, and attorney's fees and costs.[23]

Defendants filed the instant motion to dismiss and stay, arguing the court must abstain from hearing Plaintiffs' claims under the *Younger* doctrine, due to the ongoing state proceedings.[24] On June 30, 2026, after this motion was fully briefed, Ms. Wininger was found guilty of DUI and possession (the other charge was dismissed).[25] Ms. Wininger filed an appeal, which remains pending.[26]

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a case for "lack of subject-matter jurisdiction."[27] A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[28] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[29] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's

---

[23] (*Id.*)

[24] (Mot., Doc. No. 25.)

[25] *See* Docket, *Utah v. Wininger*.

[26] *See* Docket, *State of Utah v. Natasha Irene Wininger*, No. 20260967 (Utah Ct. App. filed July 22, 2026).

[27] Fed. R. Civ. P. 12(b)(1).

[28] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[29] *Id.* (internal quotation marks omitted).

jurisdiction."[30] Defendants bring a facial attack because they base their jurisdictional arguments solely on the allegations in the amended complaint and state court records subject to judicial notice.[31] When a dismissal motion presents a facial attack, the court applies the standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[32]

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."[33] "In determining whether to grant a motion to stay, the court weighs the following factors: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[34]

Because Plaintiffs proceed pro se (without an attorney), their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[35] Still, pro se plaintiffs must follow the same procedural rules as other

---

[30] *Id.* (internal quotation marks omitted).

[31] *See Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on state court records subject to judicial notice presented a facial attack).

[32] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[33] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[34] *Consumer Fin. Prot. Bureau v. Fin. Asset Mgmt.*, No. 2:23-cv-00382, 2024 U.S. Dist. LEXIS 57514, at *3 (D. Utah Mar. 28, 2024) (unpublished) (internal quotation marks omitted).

[35] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

litigants.[36] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[37] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[38] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[39]

## DISCUSSION

### A. *Younger* Abstention

#### 1. *Applicable Law*

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[40] *Younger* abstention applies where, like here, the state proceeding is a criminal

---

[36] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[37] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[38] *Hall*, 935 F.2d at 1110.

[39] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[40] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

prosecution.[41] And the state proceeding must be: (1) ongoing, (2) involve an important state interest, and (3) provide an adequate opportunity to raise federal claims.[42] When these three conditions are met, "abstention is mandatory unless one of three exceptions applies: the prosecution was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate."[43]

Claims for injunctive or declaratory relief to which *Younger* applies must be dismissed without prejudice.[44] *Younger* abstention "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."[45] Federal damages claims may not be dismissed under *Younger* but, instead, should be stayed until the state proceedings are final.[46]

---

[41] *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (holding that *Younger* abstention only applies to three "exceptional" categories of state proceedings, one of which is state criminal prosecutions).

[42] *See Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024).

[43] *Winn v. Cook*, 945 F.3d 1253, 1258–59 (10th Cir. 2019) (internal quotation marks omitted).

[44] *See Chapman ex rel. KKC v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (unpublished).

[45] *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

[46] *Id.*

*2. Analysis*

Defendants argue *Younger* abstention requires the court to dismiss Plaintiffs' claims for equitable relief and stay their claims for damages based on the seizure, search, arrest, and prosecution of Ms. Wininger.[47]

As an initial matter, Defendants do not identify any claims for equitable relief subject to dismissal under *Younger*. Plaintiffs do not seek to enjoin the state court proceedings, nor do they request a declaratory judgment or other equitable relief which would interfere with those proceedings. In their only request for injunctive relief, they seek "training and discipline reforms" (presumably, by the police department).[48] But this relief would not interfere with the criminal proceedings (apart from potential preclusive effects if Plaintiffs prevail on the underlying claims, as addressed below). Where there are no equitable claims which must be dismissed under *Younger*, the Defendants' motion to dismiss such claims is denied.

However, Defendants are correct that *Younger* requires a stay of Plaintiffs' § 1983 claims of unreasonable search and seizure, false arrest, and wrongful detention—and their claims of conspiracy and municipal liability premised on these alleged constitutional violations. A judgment in Plaintiffs' favor on these claims could have preclusive effects on the state criminal proceedings.[49] Because Plaintiffs seek

---

[47] (Mot. 4–8, Doc. No. 25.)

[48] (Am. Compl., Doc. No. 24 at 3.)

[49] *See, e.g.*, *Keller v. Kay Cnty. Sheriff's Off.*, No. CIV-25-1062, 2026 U.S. Dist. LEXIS 176683, at *1–2, 9–10 (W.D. Okla. Aug. 7, 2026) (unpublished) (applying *Younger*

damages (and injunctive relief requiring training and discipline) for these claims, the claims must be stayed if all *Younger* conditions are met and no exception applies.

All *Younger* conditions are met here. First, the state proceeding is ongoing, where Ms. Wininger's appeal is pending.[50] Second, the criminal proceedings involve important state interests.[51] And third, there is no indication the state court is an inadequate forum in which to litigate these constitutional claims.[52] Indeed, the record shows Ms. Wininger filed a motion to suppress in the state case, challenging the duration of the stop.[53]

---

abstention to stay § 1983 claims for unreasonable search and seizure and false arrest relating to a state criminal proceeding); *Mark H. Long v. City of Lawton*, No. CIV-23-1053, 2024 U.S. Dist. LEXIS 86841, at *3, 7–11 (W.D. Okla. Jan. 17, 2024) (unpublished) (applying *Younger* abstention to stay § 1983 claims for false arrest and wrongful imprisonment relating to a state criminal proceeding).

[50] *See Aurelio v. Mullin*, No. 24-1120, 2024 U.S. App. LEXIS 25133, at *5–6 (10th Cir. Oct. 4, 2024) (unpublished) (noting *Younger* applies to state criminal appeals and postconviction proceedings (citing *Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994))); *Martin v. Singleton*, No. 2:22-cv-00015, 2022 U.S. Dist. LEXIS 255116, at *8 (D. Utah May 23, 2022) (unpublished) (finding a state criminal proceeding ongoing for purposes of *Younger* where an appeal remained unresolved).

[51] *See Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) ("The state of Utah has an important interest in its criminal proceedings.").

[52] *See Winn*, 945 F.3d at 1258 ("[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." (internal quotation marks omitted)); *Chapman ex rel. KKC*, 372 F. App'x at 902 ("[F]or the second [*Younger*] condition, it is a plaintiff's burden to establish that state law prevents him from presenting his federal claims in state proceedings.").

[53] (*See* Ex. 3 to Mot., *Utah v. Wininger*, Def.'s Mot. to Suppress Evidence Based Upon Lack of Reasonable Articulable Suspicion to Extend the Stop (Utah 4th Dist. Ct. Apr. 30, 2025), Doc. No. 25-3.) Ms. Wininger's counsel later withdrew the motion. *See* Docket, *Utah v. Wininger*.

In their opposition, Plaintiffs argue an exception to *Younger* applies based on "bad faith, harassment, [and] fabrication of evidence."[54] Specifically, they state "the allegations include a staged K-9 alert, use of a sniffer ball to create false probable cause, handler raising his arm to cue the dog, body-cam muting, shutting off cameras, phone searches, excessive force, prior 4.5-hour detention, no dash cam in a K-9 unit, and ongoing harassment by Officer Mahoney."[55]

These allegations are insufficient to show any *Younger* exception. Exceptions to *Younger* provide only "a very narrow gate for federal intervention,"[56] and plaintiffs bear a "heavy burden" to show they apply.[57] To determine whether a state commenced a prosecution in bad faith or to harass, courts consider three factors:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was . . . in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[58]

A plaintiff must establish this exception with evidence, not "mere allegations of bad faith or harassment."[59] Here, Plaintiffs rely only on unsupported allegations. They offer no

[54] (Opp'n, Doc. No. 32 at 1.)

[55] (*Id.*)

[56] *Phelps v. Hamilton (Phelps I)*, 59 F.3d 1058, 1064 (10th Cir. 1995) (citation omitted).

[57] *Id.* at 1066.

[58] *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997).

[59] *Id.* at 889–90; *see also Peters v. United States*, No. 24-1013, 2024 U.S. App. LEXIS 15197, at *9 (10th Cir. June 21, 2024) (unpublished) ("The plaintiff must set forth 'more

evidence the prosecution was frivolous or retaliatory, or that Ms. Wininger was subjected to multiple unjustified prosecutions. Accordingly, they have not shown any *Younger* exception applies.

Plaintiffs also argue *Younger* abstention does not apply to Mr. Valdez's claims because he is not a party to the state criminal case.[60] But "when the interests of a plaintiff who is not a party in an underlying state proceeding are inextricably intertwined with the interests of a party to the underlying state proceedings, *Younger* abstention applies" if federal relief would interfere with the state proceedings.[61] Here, the amended complaint does not distinguish between Mr. Valdez's claims and Ms. Wininger's claims, and all claims are based on the same underlying events. As a result, a judgment in Mr. Valdez's favor regarding the constitutionality of the traffic stop or search could have preclusive effects in Ms. Wininger's criminal case. Accordingly, Plaintiffs' claims are inextricably intertwined, and *Younger* abstention applies to both.[62]

For these reasons, *Younger* requires the court to abstain from hearing Plaintiffs' claims challenging the constitutionality of the search, seizure, and arrest. This includes

---

than mere allegations of bad faith or harassment' through 'additional, supplemental evidence.'" (quoting *Phelps II*, 122 F.3d at 889–90)).

[60] (Opp'n, Doc. No. 32 at 1.)

[61] *Shields v. Duncan*, No. 14-cv-02231, 2015 U.S. Dist. LEXIS 180592, at *34 (D. Colo. Oct. 23, 2015) (unpublished) (citing *Hicks v. Miranda*, 422 U.S. 332, 348–49 (1975)).

[62] Even if *Younger* abstention did not apply to Mr. Valdez's claims, these claims should be stayed for the same reason as the remaining claims, addressed below.

the claims for conspiracy and municipal liability, to the extent they are predicated on these alleged constitutional violations. All these claims must be stayed.

B. Stay of Remaining Claims

Defendants acknowledge *Younger* abstention does not apply to Plaintiffs' excessive force claim or their state law claims for assault, battery, and invasion of privacy.[63] But they seek to stay these claims too, arguing a stay would promote judicial economy, avoid confusion and inconsistent outcomes, and would not unduly prejudice Plaintiffs.[64]

A stay of the remaining claims is justified.[65] First, a stay would promote judicial economy and conserve the parties' resources. Where the claims stayed under *Younger* and the remaining claims are based on the same underlying events, allowing discovery to proceed on some claims, but not others, would be inefficient and lead to unnecessary duplication of work. Likewise, a stay would avoid confusion and inconsistent results between the state and federal proceedings, where many of the claims involve overlapping issues. Finally, a stay will not unduly prejudice Plaintiffs or create undue

---

[63] (Mot. 7, Doc. No. 25.)

[64] (*Id.* at 8–11.)

[65] *See Consumer Fin. Prot. Bureau*, 2024 U.S. Dist. LEXIS 57514, at *3 (noting factors to consider in addressing a motion to stay include "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship" (citation omitted)).

hardship. Plaintiffs argue a stay would "delay justice" and risk evidence being lost.[66] But Defendants have a duty to preserve evidence relevant to this case, and Plaintiffs identify no specific evidence likely to be lost during a stay. Plaintiffs' generalized concerns do not amount to undue prejudice or hardship, and they are outweighed by the other factors supporting a stay.

For these reasons, Defendants' motion to stay the remaining claims is granted.

## CONCLUSION

Defendants' motion to dismiss and stay[67] is granted in part and denied in part. All claims in this case are stayed pending resolution of Ms. Wininger's state criminal proceeding, including all appeals. The parties are ordered to file status reports every sixty days, and within fourteen days of the conclusion of state court proceedings.

DATED this 9th day of September, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[66] (Opp'n, Doc. No. 32 at 1.)

[67] (Doc. No. 25.)